FILED

02 SEP -4 PM 4: 06

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES OF AMERICA**

-vs-   Case No. **6:02-cr-72-Orl-22DAB**

**JAMES A. CROSBY**

## ORDER

Upon the Court's review of this case, it is ORDERED as follows:

1. Defendant James A. Crosby's Motion to Suppress Statements and Evidence and Request for Evidentiary Hearing (Doc. 25), filed September 3, 2002, is DENIED.

The Motion alleges the following facts:

> 1. [O]n July 10, 2002, the grand jury indicted Mr. Crosby on one count of knowingly and intentionally persuading, inducing and enticing a minor to engage in sexual activity by use of a computer in violation of 18 U.S.C. § 2422(b).
>
> 2. FBI Agent Daniel Hochuli received information that Mr. Crosby allegedly contacted a minor over the internet and engaged in conversations allegedly intending to entice the minor into having sex with Mr. Crosby.
>
> 3. There were no other suspects at the time the agent interviewed Mr. Crosby at Mr. Crosby's home. Indeed, Mr. Crosby was the agent's only suspect and the sole focus of the investigation.
>
> 4. The agent went to Mr. Crosby's home to conduct the interview.
>
> 5. The agent appeared unannounced at Mr. Crosby's home.
>
> 6. Mr. Crosby was on his way out with friends when the agent arrived at Mr. Crosby's home. However, instead of leaving to go out with his friends, Mr. Crosby felt as if he had to participate in the interview conducted by the agent.



> 7. At no time prior to or during the interrogation was Mr. Crosby read his rights.
>
> 8. After ten to fifteen minutes into the interrogation, Mr. Crosby requested a lawyer.
>
> 9. Instead of terminating the interrogation at that point, the agent replied, "Do you think you need a lawyer?" Feeling compelled to answer questions, Mr. Crosby replied, "no."
>
> 10. The agent re-initiated the interrogation of Mr. Crosby for another two to four hours.
>
> 11. Mr. Crosby made incriminating statements that the government will likely use in its substantive case to prosecute Mr. Crosby.

Doc. 25 at 1-2.

Crosby's attorney argues that her client's statements must be suppressed because the interrogation proceeded after Crosby's request for a lawyer. Crosby's counsel maintains that Crosby's "continued statements to the agent were coerced," inasmuch as Crosby "felt compelled to talk to the agent who appeared at his home to question him about the most personal of matters, having homosexual relations with a minor." Doc. 25 at 4. Crosby's attorney acknowledges that Crosby was not under arrest, but maintains that his "freedom of movement was restricted to the extent that he was in custody for purposes of the right to counsel to attach." *Id.* at 3. Defense counsel thus characterizes the interview as "custodial interrogation." *Id.*

"When a suspect undergoing custodial interrogation asserts his right to counsel, the interrogation must cease." *Mincey v. Head,* 206 F.3d 1106, 1131 (11th Cir. 2000) (citing *Miranda v. Arizona,* 384 U.S. 436, 474 (1966)), *cert. denied,* 532 U.S. 926 (2001). Resolution of the instant

motion turns on whether Crosby was in custody at the time he requested a lawyer. This requires an objective analysis:

> [I]n order for a court to conclude that a suspect is in custody, it must be evident that, under the totality of the circumstances, a reasonable man in the suspect's position would feel a restraint on his freedom of movement fairly characterized as that "degree associated with a formal arrest" to such extent that he would not feel free to leave.

*United States v. Muegge,* 225 F.3d 1267, 1270 (11th Cir. 2000) (quoting *United States v. Phillips,* 812 F.2d 1355, 1360 (11th Cir. 1987)).

Assuming the truth of the facts alleged in the motion to suppress, the Court determines that Crosby was not in custody during the interview by Agent Hochuli. Crosby's counsel admits her client was not under arrest. None of the facts alleged in the motion support Crosby's attorney's contention that Crosby's "freedom of movement was restricted." Doc. 25 at 3. The interview was conducted in Crosby's home. There are no allegations that Agent Hochuli restrained Crosby, prevented him from leaving or terminating the interview, or behaved in an intimidating fashion. In sum, "[t]he record in the case at bar is barren of any facts indicating a coercive or compelling atmosphere, the defendant's conclusions to the contrary notwithstanding." *United States v. Littlepage,* 435 F.2d 498, 499 (5th Cir. 1970) (FBI agents' questioning of defendant in his home did not constitute custodial interrogation), *cert. denied,* 402 U.S. 915 (1971).

Based on the foregoing, the motion to suppress must be denied. Moreover, an evidentiary hearing is unnecessary. In that regard,

> "[W]here a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of the trial to receive evidence on any issue necessary to the determination of the motion."

*United States v. Cooper,* 203 F.3d 1279, 1285 (11th Cir. 2000) (quoting *United States v. Sneed,* 732 F.2d 886, 888 (11th Cir. 1984) (per curiam)). This is just such an instance.

2. Defendant Crosby's Motion to Participate in Voir Dire (Doc. 26), filed on September 3, 2002, is DENIED. In accordance with customary practice, the undersigned judge will personally question the prospective jurors during voir dire examination.

**DONE** and **ORDERED** in Orlando, Florida on this ___4th___ day of September, 2002.

_____
ANNE C. CONWAY
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Pretrial Services Office
Counsel for Defendant
James A. Crosby

@ 9-5-02

FILE COPY

Date Printed: 09/05/2002

Notice sent to:

    ____    Thomas W. Turner, Esq.  ✓
                U.S. Attorney's Office
                Middle District of Florida
                201 U.S. Courthouse
                80 N. Hughey Ave.
                Orlando, FL   32801

    ____    James Alan Crosby
                1014-7 Margaret Street
                #277
                Jacksonville, FL   32204

    ____    Tanya E. Davis, Esq.
                Federal Public Defender's Office
                80 N. Hughey Ave.  ✓
                Suite 417
                Orlando, FL   32801

    ____    Mamie Crosby
                1320 Corbett Avenue
                Wilson, NC   27893

*[Handwritten:]* US marshall ✓  9-5-02
US prob ✓
public defender
Tanya Davis